## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Christopher Michael Bauer, | |
| Plaintiffs, | |
| vs. | Civil No.: 1:25-cv-00032 |
| Judge Kirsten M. Sjue, in her official capacity, | |
| Defendant. | |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION AND FINDING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

[¶1]     THIS MATTER comes before the Court on a Motion for Leave to Proceed *in forma pauperis* against North Dakota State District Court Judge Kirsten M. Sjue ("Defendant"). Doc. Nos. 1, 1-2. For the reasons that follow, this action is **DISMISSED** and the Motion for Leave to Proceed *in forma pauperis* (Doc. No. 1) **MOOT** as this Court, *sua sponte*, has determined it lacks jurisdiction over this issue.

## **BACKGROUND**

[¶2]     Plaintiff filed a motion to proceed *in forma pauperis* and proposed Complaint with this court on February 18, 2025. Doc. No. 1. In his proposed Complaint, Plaintiff asserts the following for jurisdiction and venue:

> 6. This court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

> 7. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in the District of North Dakota.

Doc. No. 1-2 at 2.

- 1 -

[¶3]    Plaintiff next alleges Defendant has engaged in biased and unconstitutional actions which "have resulted in an ongoing deprivation of Plaintiff's due process rights and an imminent unlawful trial that must be stayed." Id. at 1. This includes a request to stay the state court jury trial currently scheduled for February 28, 2025. Id. at 1-2. Plaintiff specifically contends (1) a violation of Fourth Amendment rights; (2) violation of due process rights; and (3) a request for injunctive relief. Id. at 8-9. He seeks: an emergency order staying the February 28, 2025 jury trial; a declaration Defendant violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments; "a permanent injunction barring the Defendant from advancing the prosecution of the disorderly conduct charge which was concocted by the [Williston Police Department] Officer and Supervisor after the arrest which lead [sic] to cover up the illegal stop and detention;" and any other relief the court deems proper. Id. at 10.

## LEGAL STANDARDS

[¶4]    "Federal courts are courts of limited jurisdiction." Myers v. Richland Cnty., 429 F.3d 740, 745 (8th Cir. 2005) (quoting Kokkonen v. Guardian Life insurance Co. of Am., 511 U.S. 375, 377 (1994)). As such, federal courts may only hear cases as authorized by the Constitution and Congress. Kenny v. Mid Dakota Clinic, P.C., No. A1-04-108, 2004 WL 2238796, at *1 (D.N.D. Oct. 1, 2004). A question of a court's jurisdiction may be raised at any point in the litigation by a party or the court sua sponte. Berger Levee Dist., Franklin County, Mo. v. U.S., 128 F.3d 679. 680 (8th Cir. 1997); see Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993).

[¶5]    Section 1331, Title 28 of the United States Code confers "federal question" jurisdiction and Section 1332, Title 28 of the United States Code confers "diversity" jurisdiction in federal court. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The determination of whether an action

arises under federal law is governed by the "well-pleaded complaint" rule, which requires a federal question to be presented on the face of a properly pleaded complaint. Berger Levee Dist., Franklin County, Mo., 991 F.2d at 680-81; see also Caterpillar, Inc. v. Williams, 482 U.S. 486, 392 (1987).

[¶6]    To state a cognizable 42 U.S.C. § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). When asserting an official capacity claim against an individual, the claim is construed to be against the governmental entity itself. White v. Jackson, 865 F.3d 1064, 1075 (8th Cir. 2017). As such, a suit against a public employee in their official capacity is a suit against the public employer. See Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018). Under the Eleventh Amendment, states enjoy immunity from suit brought under Section 1983 absent a waiver of sovereign immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

[¶7]    Declaratory and injunctive relief have previously been permitted under 42 U.S.C. § 1983 against judges in their official capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, Section 1983 now precludes such relief against a judicial officer, noting, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

## DISCUSSION

[¶8]    A review of Plaintiff's proposed Complaint shows it is grounded upon requests for relief from North Dakota state law without implicating federal statute or another federal issue sufficient to give the court federal jurisdiction. The proposed Complaint requests this court stay a state court

jury trial, issue a permanent injunction barring prosecution of the state court disorderly conduct charge, and issue a declaration that Defendant violated Plaintiff's constitutional rights.

[¶9]    Plaintiff seeks relief relating to a disorderly conduct charge under North Dakota state law and upcoming state jury trial arising from the same conduct. However, federal courts are prohibited from granting an injunction to stay State court proceedings, subject to limited exceptions. 28 U.S.C. § 2283. A further exception may be given when a person to be prosecuted in state court can show he will suffer irreparable damage if the proceeding is not enjoined. Younger v. Harris, 401 U.S. 37, 43 (1971). Even so, longstanding public policy opposes such federal court interference with criminal prosecutions when the party will not suffer irreparable injury if the equitable relief is denied.[1] Id. at 43-44.

[¶10]    Here, while Plaintiff alleges he will suffer irreparable harm, the court is not inclined to agree. Plaintiff can raise his constitutional claims in state court, where a proceeding is already pending. See Younger, 401 U.S. at 49. Further, federal injunctions against state criminal statutes are not granted as a matter of course, as no citizen is immune from prosecution for their alleged criminal acts. Id. at 46. Imminence of such a prosecution alone is not grounds for relief, even if unauthorized and unlawful. Id. There is also no indication that the single prosecution is one of a series in which Plaintiff will be subjected. Id. at 49.

[¶11]    Moreover, a court does not obtain jurisdiction only because a plaintiff raised a federal question in the complaint. Cross v. Fox, 23 F.4th 797, 800 (8th Cir. 2022). If the asserted basis is

---

[1] The United States Supreme Court specifies that "in the view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.' Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Younger, 401 U.S. at 46 (internal citations omitted).

patently meritless, dismissal is appropriate. Id. In looking at the face of the proposed Complaint and drawing inferences in favor of Plaintiff, Plaintiff's claims of constitutional violations are conclusory. See Thayse v. Bilander, No. CIV 09-2034 MJDFLN, 2009 WL 3164714, at *1 (D. Minn. Sept. 29, 2009) ("Plaintiffs' unexplained references to various federal laws, and the conclusory accusations that Defendants have violated Plaintiffs' rights under those laws, do not state a cause of action under federal law."). More is required to assert constitutional claims than vague, conclusory statements. The court therefore lacks jurisdiction over Plaintiff's claims.

[¶12]   The court is also not inclined to stay Plaintiff's state court trial. If the court were to issue a stay, it would stay Plaintiff's federal civil action pending resolution of the state court proceedings to limit potential interference with a pending state prosecution. See White v. Jefferson City Missouri Police Dep't., No. 2:21-CV-4189-NKL, 2022 WL 2135829, at *2 (W.D. Mo. May 13, 2022). It is within the Court's authority to stay civil actions pending the resolution of a criminal case. Id.; see Cedar Rapids Cellular Telephone, L.P. v. Miller, 280 F.3d 874, 881 (8th Cir. 2002) (holding a federal court should abstain from exercising jurisdiction over a civil claim that would interfere with a pending state court action because federal courts should endeavor to protect federal rights in ways that do not unduly interfere with the legitimate activities of the states). However, such a stay is not necessary or required as this court does not have jurisdiction over the above-entitled action.

[¶13]   Turning to Plaintiff's 42 U.S.C. § 1983 claim, Defendant is a North Dakota State District Court Judge, and thereby considered a state official. Defendant was acting in her official capacity as a District Court Judge when presiding over Plaintiff's hearings and issuing Orders. Plaintiff also sued Defendant in her official capacity. As such, the suit against Defendant is treated as a suit against the State of North Dakota itself. The State of North Dakota has not waived its Eleventh

Amendment immunity. N.D.C.C. § 32-12.2-10. Accordingly, the Eleventh Amendment bars Plaintiff's claims brought under 42 U.S.C. § 1983.

[¶14]   While sovereign immunity does not bar certain actions for declaratory relief, Plaintiff is not entitled to such relief. Plaintiff asks for a declaration that Defendant's actions violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. Doc. No. 1-2 at 10. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." Just. Network Inc. v. Craighead Cnty., 931 F.3d 753, 764 (8th Cir. 2019) (emphasis in original) (quoting Lawrence v. Kuenhold, 271 Fed.Appx. 763, 766 (10th Cir. 2008)). This request pertains to past liability rather than Plaintiff's future rights. Such a request does not satisfy the definition of "declaratory judgment" and renders declaratory relief unavailable. Just. Network Inc., 931 F.3d at 764; see also Lawrence, 271 Fed.Appx. at 766. Furthermore, such retrospective judgment could not be granted as "[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." Lawrence, 271 Fed.Appx. at 766 n.7 (quoting Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995)).

## **CONCLUSION**

[¶15]   The Court has considered the entire record, relevant caselaw, and the Plaintiff's arguments. For the above stated reasons, this action is **DISMISSED** *sua sponte* as this Court lacks jurisdiction. As a result, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. No. 1) is **MOOT**.

[¶16]  **IT IS SO ORDERED.**

DATED February 21, 2025.

Daniel M. Traynor, District Judge
United States District Court